East'n. District.
*May* 1825.

FISK & AL.
*vs.*
OFFIT & AL.

---

### KENNER & AL. vs. DUNCANS'S EXECUTORS.

APPEAL from the court of Probates.

PORTER, J. delivered the opinion of the court. The petition states, that certain property belonging to the succession of A. L. Duncan, has been sold under an order of the court of probates, at a credit of one, two, and three years. That the petitioners are the first mortgage creditors of the estate of said Duncan, for a much larger amount than the price for which said property was sold. That they have demanded from the defendants the notes received by them from the purchasers; with which demand they have complied, in relation to two of the notes, but refuse to give up that received for the third and last instalment.

If judgment be rendered in a suit where *three* are parties, *two* of them cannot have the judgment reversed in another action.

Executors cannot safely pay a mortgage creditor until his claims be settled contradictorily with the other creditors.

If the representative of an estate fail to settle it, the regular course is to compel them to file a tableau of distribution. And if they fail

East'n. District.
*May* 1825.

KENNER & AL.
*vs.*
DUNCAN'S EX-
ECUTORS.

to comply with
an order to that
effect, they will
render them-
selves liable in
their private
capacity.

The defendants plead, that they have no ob-jection whatever, to the prayer of the petition; that they have never refused to deliver up said note or notes, and they know no reason why the plaintiffs should not get them, That the judge of the court of probates has made a dif_ ficulty, and refused to allow the defendants to hand them over. Under these circumstances they submit the case to the court.

The statement of facts agreed on, is as fol-lows :—

1. The property described in the petition was sold in the manner therein described, and set forth.

2. The petitioners are the first mortgagees of the property therein described.

3. All demands on the part of the state of Louisiana, as arising from the bond subscribed by A. L. Duncan, with I. L. M'Coy, and John Nicholson, have been paid and satisfied.

The judge of probates has assigned for rea-sons why he could not comply with what ap-pears to be the wishes of both parties in this suit, that on a rule taken by the plaintiffs on the defendants to deliver up these notes, notice was given to the attorney general, and that on hearing the parties, an order was given, the

East'n. District.
*May* 1825.
KENNER & AL.
*vs.*
DUNCAN'S EX-
ECUTORS.

plaintiffs might take out the notes, provided they gave security to meet the responsibility of the estate of said Duncan, to the state of Louisiana. That instead of complying with this order, the plaintiffs have instituted this action, and on a statement of facts made by two of the parties, seek to have the decree reversed.

We think there cannot be a doubt, the judge is right. Either the attorney general as representing the state of Louisiana was, or was not, properly made a party to this proceeding. If the former, it is quite clear, the judgment rendered cannot be reversed, as it respects him, or those he represented, without making him a party either to the appeal, or the action in nullity. If the latter, his right to interfere should have been contested in *limine litis*.— The parties acknowledged his competency by suffering him to appear in the cause.

But these facts appear no where on the record, but in the opinion of the judge: we are therefore, under the necessity of examining, and deciding the case, on the statement made by the parties.

The cause has been submitted without argument. In the petition it is stated, that by the laws of the state. and the decisions of this

East'n. District.
*May* 1825.

KENNER & AL.
*vs.*
DUNCAN'S EX-
ECUTORS.

tribunal, the mortgage held by the petitioners has been cancelled and annulled, and transferred to the proceeds of the sale, therefore they have a right to receive whatever that sale produced.

We are able to admit these premises much more easily, than the conclusion the plaintiffs draw from them.

The laws of this state it is very clear, do direct that a sale of all the property of a succession as well that which is mortgaged, as that what is not, should be sold; and that the mortgagee should have the same privilege on the proceeds, that he would have had on the thing itself. But in order to ascertain what that privilege is, not merely as it affects the estate, but in relation to all other persons who may have liens on it; these laws have provided the pretentions of the mortgagee creditor shall be examined contradictorily with the other creditors. And it is not, until after that examination takes place, and the rank and dignity of his privilege is established, that the person who administers the succession can legally, or with safety make payment to him.

The following articles of our code indicate the duties of those who have the administra-

East'n District
May 1825.

KENNER & AL.
vs.
DUNCAN'S EX-
ECUTORS.

tion of estates intrusted to them, and shew the manner in which creditors whether chirograph or mortgage, must assert their claims.

"At the expiration of the delay granted by law for the payment of the debts of the estate, the curators of vacant estates, shall not proceed to the payment of the debts of the estate, until they shall have previously obtained the authorisation of the parish judge by whom they have been appointed; that authorisation shall be necessary, even in case there were money enough in hand to discharge all claims on the estate, but should there not be sufficient property to satisfy all demands, it shall be *their duty* to cause the parish judge to regulate the classes of the privileges, and mortgages, and thus to establish the rank in which the creditors shall receive their payment." *Civ. Code,* 178, 137.

From this provision it is plain, no payment can be legally made, until the authorization of the judge is obtained. It is equally plain that mortgage or privilege creditors form no exception to this rule; they are expressly mentioned, and provision made for settling any conflict which their different pretentions may give rise to.

East'n. District.
*May* 1825.

KENNER & AL.
*vs.*
DUNCAN'S EX-
ECUTORS.

The mode in which this settlement should be made is not however so clear. Did the article just cited stand alone, there would not perhaps be much difficulty in interpreting it. For as the judge is directed to settle the rank and order of the privileges and mortgages, it would not be a strained inference to say, that he could not do this unless he examined them all, and to enable him to do so, all the creditors should be cited before him, in order that each should, present and support their respective claims.

But the article just quoted is followed by another, which provides that, " public notice shall be given by the curator in both the English and French languages, of his having obtained an authorisation to make payment; or of the sentence of the judge which settles the rank in which the creditors must be paid, either by papers posted up in the usual places, or through the news-papers; to the end that any person interested to oppose the payment in the manner ordered, may take the necessary steps for that purpose." *Civ. Code*, 178, 138.

And the next article declares " if any opposition is made to the payment as ordered, the parish judge by whom the authorisation of

making payments, and the classing of privi-
leges has been made, shall determine in a sum-
mary way on the merits of the opposition, sa-
ving the right of the parties to bring an ap-
peal." &c. 178, 139.

It follows from these provisions the law does
not contemplate, the creditors should be pre-
sent, and heard on the first classification of
their claims. For if they did appear, and their
rights were then decided on, they could not
come in again, and make opposition to that
which had already been adjudged on contra-
dictorily with those to whom they were oppo-
sed. The first judgment would form *res judi-
cata*, and the question would not be open for
examination.

The regulating of the classes, of the privileges
and mortgages spoken of in the 137th article,
we understand to be made by the judge, on a
statement of the representative of the estate,
shewing its effects and its debts active and pas-
sive, which settlement does not become final,
or authorise the curator, or other administra-
tor, to pay until the creditors who are notified
in the manner pointed out in the 138th article,
shall either fail to make opposition, or that the
opposition they make, shall be overruled.

East'n. District.
*May* 1825.
Kenner & al.
*vs.*
Duncan's Ex-
ecutors.

The course of proceeding which is evidently that pointed out by law, is perhaps not the very best that could be devised to compel a speedy settlement of the estate. But it is far! as some have supposed, from leaving the creditor without remedy, for if the representative neglects or refuses to file a tableau of the estate, and obtain the order of the judge to make payment, he can be compelled to do so on the demand of the interested, or in default thereof, render himself responsible in his personal capacity.

The mode of relief which the plaintiffs have resorted to in this case, does not appear sanctioned by any of the provisions of our law, and it is in direct variance with its policy, which is, as has been more than once observed by this court, to prevent advantages being gained by one creditor over another, and to secure a legal distribution of the estate by examining the claims of all, or at least giving all an opportunity of being heard.

The petitioners seek by a suit carried on between them, and the representatives of the estate, to have payment made to them, before payment has been ordered, and notice of it given to the world. They do more, they seek

to have their claim recognised as one of the highest privileges, without any classification being made as the law directs. This appears to us quite irregular. If the plaintiffs wish to quicken the executors in the discharge of their duty, they must begin by calling on them to file a *tableau* of the estate, and after this done and an order of payment is made, due and legal notice must be given of their having obtained this order, to the end that all interested, may if they think proper, oppose it.

East'n. District.<br>*May* 1825.

KENNER & AL.<br>*vs.*<br>DUNCAN'S EXECUTORS.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court, dismissing this suit, be affirmed with costs.

*Duncan* for the plaintiffs, *Hennen* for the defendants.